❑ Check if this is an
amended filing

## Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding    12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

| | |
|---|---|
| 1. **Debtor's name** | Energy Innovation Group, Ltd. |

**2. Debtor's unique identifier**

**For non-individual debtors:**

❑ Federal Employer Identification Number (EIN) ___ ___ – ___ ___ ___ ___ ___ ___ ___

❑ Other _____ . Describe identifier _____ .

**For individual debtors:**

❑ Social Security number: xxx – xx– ___ ___ ___ ___

❑ Individual Taxpayer Identification number (ITIN): 9 xx – xx – ___ ___ ___ ___

❑ Other _____ . Describe identifier _____ .

**3. Name of foreign representative(s)**

Min Hee Jeong

**4. Foreign proceeding in which appointment of the foreign representative(s) occurred**

2019 Hahap 7074 Declaration of Bankruptcy, Daejon District Court of Korea

**5. Nature of the foreign proceeding**

Check one:

☑ Foreign main proceeding
❑ Foreign nonmain proceeding
❑ Foreign main proceeding, or in the alternative foreign nonmain proceeding

**6. Evidence of the foreign proceeding**

☑ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

❑ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

❑ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.

_____

_____

**7. Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

❑ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)
☑ Yes

Case: 19-51346   Doc# 1   Filed: 07/02/19   Entered: 07/02/19 17:09:51   Page 1 of 18

Debtor _Energy Innovation Group, Ltd._____  Case number (if known)_____

        Name

---

**8. Others entitled to notice**    Attach a list containing the names and addresses of:

(i)   all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii)  all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii) all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

---

**9. Addresses**

Country where the debtor has the center of its main interests:

South Korea

Debtor's registered office:

#70, 3-ro, 4-sandan
Number          Street

Jiksan-eup, Seobuk-gu
P.O. Box

Cheonan-si, 331-814
City          State/Province/Region          ZIP/Postal Code

South Korea
Country

Individual debtor's habitual residence:

Number          Street

P.O. Box

City          State/Province/Region          ZIP/Postal Code

Country

Address of foreign representative(s):

36, 78-gil, Doonsanjoong-ro, Seo-gu
Number          Street

#505 Cheongwoo Building
P.O. Box

Daejeon
City          State/Province/Region          ZIP/Postal Code

South Korea
Country

---

**10. Debtor's website** (URL)    www.eigbattery.com

---

**11. Type of debtor**    *Check one:*

☐   Non-individual (*check one*):

☐   Corporation. Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

☐   Partnership

☑   Other. Specify:  EXEMPT PRIVATE COMPANY LIMITED BY SHARES

☐   Individual

---

**12. Why is venue proper in *this* district?**

Check one:

☐ Debtor's principal place of business or principal assets in the United States are in this district.

☑ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:
Arbitration - ICDR Case No. 01-17-0003-2248

☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✗ _____    Min Hee Jeong
Signature of foreign representative    Printed name

Executed on   06 / 28 / 2019
MM / DD / YYYY

✗ _____    Min Hee Jeong
Signature of foreign representative    Printed name

Executed on   06 / 28 / 2019
MM / DD / YYYY

**14. Signature of attorney**

✗ _____ Date    06/21/2019
Signature of Attorney for foreign representative    MM / DD / YYYY

James E. Till
Printed name

LimNexus LLP
Firm name

707 Wilshire Boulevard, 46th Floor
Number    Street

Los Angeles      CA    90017
City      State    ZIP Code

213-955-9500      James.Till@limnexus.com
Contact phone      Email address

200464      CA
Bar number      State

Case: 19-51346   Doc# 1   Filed: 07/02/19   Entered: 07/02/19 17:09:51   Page 3 of 18

PHIL SHINN (SBN 112051)
LIMNEXUS LLP
220 Montgomery Street, Suite 1411
San Francisco, CA 94104 USA
Telephone: (415) 619-3324
Facsimile: (213) 955-9511
Email: phil.shinn@limnexus.com

JAMES TILL (SBN 200464)
DAVID NEALY (SBN 282383)
LIMNEXUS LLP
707 Wilshire Boulevard, 46th Floor
Los Angeles, CA  90017
Telephone:  (213) 955-9500
Facsimile:   (213) 955-9511
Email:  james.till@limnexus.com
Email: david.nealy@limnexus.com

Attorneys for the Petitioner

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| In re | Case No.: [_____] |
| EIG Co., Ltd., | Chapter 15 |
| Debtor in a Foreign Proceeding. | **VERIFICATION OF CHAPTER 15 PETITION** |

VERIFIED PETITION UNDER CHAPTER 15 FOR
RECOGNITION OF FOREIGN PROCEEDING

1    Pursuant to 28 U.S.C. § 1746, Min Hee Jeong hereby declares as follows under penalty of
2    perjury:
3        1.    I am the duly authorized trustee of EIG Co., Ltd. and am duly authorized to
4    commence and act in this Chapter 15 case and make this Petition.
5        2.    I have read the foregoing Petition and believe that the factual allegations contained
6    therein are true and correct to the best of my knowledge, information, and belief.
7        3.    I declare under penalty of perjury under the laws of the United States of America
8    that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated:  Daejeon, Korea
        June 21, 2019

                                        By: _____
                                            Min Hee Jeong as Trustee of
                                            EIG Co., Ltd.

---

VERIFIED PETITION UNDER CHAPTER 15 FOR
RECOGNITION OF FOREIGN PROCEEDING

**Chapter 15 Petition of EIG Co, Ltd.**

**Item 6 – Original.  Certified Copy of Decision Commencing
Foreign Proceeding And Appointing Foreign Representative**

# 대 전 지 방 법 원

## 제 3 파 산 부

정본입니다.
2019. 6. 10.
법원사무관 옥성진



### 결　　　정

| | |
|---|---|
| 사　　　　　건 | 2019하합7074　파산선고 |
| 신　　청　　인 | 채무자 주식회사 이아이지의 청산인 조성규 |
| | 천안시 서북구 직산읍 4산단3로 70 |
| | 신청대리인 법무법인(유한) 태평양 |
| | 담당변호사 임장호, 김우재, 최우구, 정민경 |
| 채　　무　　자 | 주식회사 이아이지 |
| | 천안시 서북구 직산읍 4산단3로 70 |
| | 대표자 청산인 조성규 |
| 선　고　일　시 | 2019. 6. 10. 10:30 |

## 주 　 문

1. 채무자 주식회사 이아이지에 대하여 파산을 선고한다.
2. 변호사 정민회(1981. 12. 30.생, 대전 서구 둔산중로78번길 36 청우빌딩 505호)
   를 파산관재인으로 선임한다.
3. 채권신고기간을 2019. 7. 12.까지로 한다.
4. 제1회 채권자집회와 채권조사의 기일 및 장소를 2019. 8. 23. 10:30 대전지방법
   원 별관 제333호 법정으로 한다.
5. 채무자 회생 및 파산에 관한 법률 제492조 단서의 금액을 300만 원으로 한다.

## 이 　 유



1. 인정 사실

이 사건 기록과 채무자 대표자에 대한 심문결과에 의하면 다음 사실이 인정된다.

가. 채무자는 2007. 1. 11. 2차 전지 개발 및 제조 등의 영업을 목적으로 하여 설립되었다. 채무자는 보통주 1,391,643주 및 우선주 405주(각 1주당 금액 5,000원)를 발행하였는데, 모회사인 주식회사 디알비동일이 100% 보유하고 있다.

나. 채무자는 설립 이후 2차 전지 및 관련 모듈 등을 개발, 제조하여 국내 및 해외의 전기 자동차, 전기 오토바이 제조회사 등에 판매하는 영업을 하여 왔는데, 동종 영업을 하는 대기업들과의 기술 및 가격 경쟁에서 뒤떨어지고 이로 인한 계속적인 적자를 버티지 못하여 2017년 초경 제품 생산을 전면 중단한 채 재고품 판매만을 계속하다가 2018. 8. 23.자 임시주주총회결의로 해산하였고, 신청인이 청산인으로 취임하였다. 그런데 채무자가 제품 생산을 중단하고 재고품 판매만을 수행하던 2017. 6.경 이전에 채무자로부터 구입한 2차 전지를 오토바이에 내장하여 판매하였던 미국 캘리포니아 소재 법인인인 제로 모터사이클(Zero Motorcycles Inc)이 채무자 공급 2차 전지의 결함으로 위 회사가 제작, 판매한 오토바이에 화재가 발생하였다며 채무자를 상대로 미국 중재협회에 중재를 신청하였고, 신청인은 채무자의 청산인으로서 위 중재사건에 대응하던 중 자금의 부족으로 변호사보수 등 중재사건 비용을 감당하기 어렵게 되자 이 사건 파산을 신청하였다.

다. 이 사건 파산신청일 무렵 채무자 주장에 따른 회수 가능한 실제 보유 자산은 약 4억 원인 반면, 발생이 예상되는 제로 모터사이클에 대한 우발부채를 포함하면 총 부채는 약 55억 원으로 부채가 자산을 크게 초과하고 있다. 또한 채무자는 영업 중단 및 해산으로 인하여 이 사건 파산신청일 기준으로 기존 채무를 변제할 만한 수익을 창출하지 못하는 상황이다.

2. 판단 및 결론

위 인정 사실에 의하면 채무자에게는 지급불능 및 부채초과의 파산원인 사실이 존재하므로, 채무자 회생 및 파산에 관한 법률 제305조, 제306조를 적용하여 채무자에 대하여 파산을 선고하기로 하고, 파산관재인의 선임에 관하여는 같은 법 제355조를, 채

권신고기간·제1회 채권자집회 기일 및 채권조사의 기일에 관하여는 같은 법 제312조를, 법원의 허가대상행위의 기준금액에 대하여는 같은 법 제492조 단서를 각 적용하여 주문과 같이 결정한다.

2019. 6. 10.

재판장　　　판사　　　　　오연정

　　　　　　판사　　　　　최형철

　　　　　　판사　　　　　송호철

**Chapter 15 Petition of EIG Co, Ltd.**

**Item 6 – Translated.  Certified Copy of Decision Commencing**
**<u>Foreign Proceeding And Appointing Foreign Representative</u>**

# Daejeon District Court

# Bankruptcy Department 3

## Decision

This is a true and correct copy.
June 10, 2019
Court clerk
Seong Jin Ok

[Seal of Daejeon District Court Clerk]

| | |
|---|---|
| Case | 2019 *Hahap* 7074 Declaration of Bankruptcy |
| Complainant | Seong Gyu Cho, liquidator of the Obligor EIG Co., Ltd. |
| | 70, 3-ro, 4-sandan, Jiksan-eop, Seobuk-gu, Cheonan-si |
| | Counsel of record for the Complainant: Bae, Kim & Lee (BKL), LLC |
| | Attorneys handling this matter: Jang Ho Lim; Woo Jae Kim; Woo Gu Choi, and Min Gyeong Jeong |
| Obligor | EIG Co., Ltd. |
| | 70, 3-ro, 4-sandan, Jiksan-eop, Seobuk-gu, Cheonan-si |
| | Corporate Representative: Seong Gyu Cho, liquidator |
| Date filed | June 10, 2019  10:30 |

## HOLDINGS

1. The court declares bankruptcy for EIT Co., Ltd., the Obligor.

2. The court appoints attorney Min Hee Jeong (born on December 30, 1981, #505 Cheongwoo Building, 36, 78-gil, Doonsanjoong-ro, Seo-gu, Daejeon) as trustee.

3. The period for reporting receivables shall be up until July 12, 2019.

4. The date and place of the first creditors' assembly and the receivables investigation shall be Court #333, annexed to Daejeon District Court at 10:30 AM on August 23, 2019.

5. The monetary amount under the proviso of Article 492 of the Obligor Rehabilitation and Bankruptcy Act shall be KRW3 million.

## REASONS

[Stamp: Filed No. 2019 .06. 10  BKL LLC]

Case: 19-51346    Doc# 1    Filed: 07/02/19    Entered: 07/02/19 17:09:51    Page 11 of 18

Submitted by Hyoung Cheol Choi, Date the served document is registered: 06. 10. 2019  17:03, Printed out by Jin Young Kim          Date downloaded: 06. 10. 2019  17:10

1. Facts Recognized

      Based on the records of this case and the result of examination of the Corporate Representative of the Obligor, this court recognizes the facts set out below.

  A.   Obligor was established on January 11, 2007 for the purpose of developing and manufacturing secondary batteries. Obligor issued 1,391,643 shares of common stock and 405 shares of preferred stock (KRW5,000 per share), 100% of which is owned by DRB Dongil, the parent company.

  B.   Since its establishment, Obligor has been engaged in business activities of developing and manufacturing secondary batteries and related modules, and selling the same to the manufacturers of electric cars and electric motorcycles in Korea and abroad. However, it lagged behind in terms of technology and price competition in competing with the large corporations engaged in the same business. Unable to withstand the continued deficit, Obligor completely stopped its production in early 2017 and started to sell inventory stock only, which Obligor continued to do. Then Obligor was liquidated pursuant to the resolution of the special general meeting of shareholders as of August 23, 2018, where the Complainant was appointed as the Liquidator. Then, in or about June 2017 when the Obligor stopped producing products and was only selling the inventory stock, Zero Motorcycles Inc., a corporation based in California in the U.S. filed a motion for arbitration to the American Arbitration Association (AAA) against Obligor claiming that motorcycles manufactured and sold by the above-referenced company caught fire due to defect associated with the secondary batteries supplied by Obligor. While responding and addressing the arbitration case mentioned above as the Liquidator of the Obligor, the Complainant filed for bankruptcy due to shortage of money, unable to pay the expenses associated with this arbitration case such as the attorney's fee.

  C.   Around the date when the bankruptcy of this case was filed, the recoverable assets actually owned was about KRW400 million according to the assertion made by Obligor, whereas, if the potential contingent liabilities to Zero Motorcycle Inc. are included, the total amount of liabilities become about KRW5.5 billion. As a result, liabilities far outweigh assets. Also, due to stoppage of sales as well as dissolution of the company, Obligor is unable to generate enough profits to pay off the existing debts as of the date when the bankruptcy was filed.

2. Adjudication and Conclusion

      Facts above show that Obligor has reasons for bankruptcy: insolvency, default and more liabilities [than assets]. Therefore, this court decided to declare bankruptcy for the Obligor by applying Article 305 and Article 306 of the Debtor Rehabilitation and Bankruptcy Act. For appointing the bankruptcy trustee/administrator, the

Case: 19-51346    Doc# 1    Filed: 07/02/19    Entered: 07/02/19 17:09:51    Page 12 of 18

Submitted by Hyoung Cheol Choi, Date the served document is registered: 06. 10. 2019  17:03, Printed out by Jin Young Kim        Date downloaded: 06. 10. 2019  17:10

court decided to apply Article 355 of the same Act, as to the period of reporting one's receivables, the date of the 1st Creditor' Assembly, and the dates for investigating into the receivables, the court applied Article 312 of the same Act, and as to the reference amount of the acts subject to approval of the court, the court applied Article 492 of the same Act. And this court decides as indicated in the Holdings.

June 10, 2019

| | | | |
|---|---|---|---|
| Presiding Judge | Judge | Yeon Jeong Oh | |
| | Judge | Hyoung Cheol Choi |  |
| | Judge | Ho Cheol Song | |

Case: 19-51346   Doc# 1   Filed: 07/02/19   Entered: 07/02/19 17:09:51   Page 13 of 18

# CERTIFICATION OF TRANSLATION
## and
## DECLARATION

State of California       )
                           )    S. S.
Los Angeles County     )

       I, Soomi Ko, the undersigned, declare under penalty of perjury that I am a duly certified Korean Court Interpreter approved by the United States District Courts, certified by the State of California and the Los Angeles County Superior Courts, with competent knowledge of Korean and English, and that I have truthfully and correctly translated the document titled **Decision by Daejeon District Court, Bankruptcy Division 3 re: 2019 _Hahap_ 7074 Declaration of Bankruptcy** from Korean to English and that the said translation is, to the best of my knowledge and belief, a true and correct translation. I further declare under penalty of perjury that I am neither counsel for, related to, nor employed by any of the parties, and that I have no financial or other interest in the outcome of any action related to this translation. I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 10, 2019

Soomi Ko
California State Certified Court Interpreter
#300732
Direct: (213) 999-7848
soomi@komartin.com
www.komartin.com

Ko & Martin Certified Interpreters and Translators
Specializing in Korean and Chinese Languages

**Chapter 15 Petition of EIG Co, Ltd.**

**Item 8 – Statement Pursuant to 11 U.S.C. § 1515(c) and Bankruptcy Rule 1007(a)(4)**

PHIL SHINN (SBN 112051)
LIMNEXUS LLP
220 Montgomery Street, Suite 1411
San Francisco, CA 94104 USA
Telephone: (415) 619-3324
Facsimile: (213) 955-9511
Email: phil.shinn@limnexus.com

JAMES TILL (SBN 200464)
DAVID NEALY (SBN 282383)
LIMNEXUS LLP
707 Wilshire Boulevard, 46th Floor
Los Angeles, CA 90017
Telephone: (213) 955-9500
Facsimile: (213) 955-9511
Email: james.till@limnexus.com
Email: david.nealy@limnexus.com

Attorneys for the Petitioner

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

In re

EIG Co., Ltd.,

       Debtor in a Foreign Proceeding.

Case No.: [_____]

Chapter 15

**STATEMENT PURSUANT TO 11 U.S.C. §1515(c) AND BANKRUPTCY RULE 1007(a)(4)**

VERIFIED PETITION UNDER CHAPTER 15 FOR
RECOGNITION OF FOREIGN PROCEEDING

Min Hee Jeong, in his capacity as the duly appointed foreign representative (the "Foreign Representative" or "Trustee") of the above-captioned debtor (the "Debtor"), a company in a bankruptcy liquidation under Korean law (the "Foreign Proceeding") currently pending before the *Daejeon District Court, Bankruptcy Department 3*, Korea, hereby files this statement in accordance with Item 8 of the Chapter 15 Petition for Recognition of a Foreign Proceeding, 11 U.S.C. Section 1515(c) of Title 11 of the United States Code, and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure and states as follows:

### I.      Corporate Ownership Statement

DRB Dongil, the Debtor's parent company, owns 100% of the equity interests of the Debtor.

### II.      Administrators in Foreign Proceeding

The Foreign Representative is the appointed representative for the Debtor in the Foreign Proceeding for the purposes of this chapter 15 case. The name and address of the Foreign Representative is Min Hee Jeong, #505 Cheongwoo Building, 36, 78-gil, Doonsanjoong-ro, Seo-gu, Daejeon.

### III.      Identification of Foreign Proceedings

Other than the Foreign Proceeding, there are no foreign main proceedings or foreign nonmain proceedings pending with respect to the Debtor.

### IV.      Parties to Litigation Pending in the United States

Upon information and belief, there is one litigation pending in the United States in which the Debtor is a party: *Zero Motorcycles, Inc. v. Energy Innovation Group, Ltd.*, AAA Case No. 01-17-0003-2248 pending before the International Centre for Dispute Resolution. Other than the Debtor, the other two parties to that proceeding are (1) Zero Motorcycles Inc. ("ZM"), and (2) Arbitrator Nathan O'Malley ("Mr. O'Malley"). ZM's counsel are Matthew Singer and Connor Gants, Barack Ferrazzano Kirschbaum & Nagelberg LLP, 200 West Madison Street, Suite 3900, Chicago, IL 60606. Mr. O'Malley's address is American Arbitration Association, International Centre for Dispute Resolution, 9 Greenway Plaza, Suite 1275, Houston, TX 77046.

STATEMENT IN SUPPORT OF PETITION UNDER CHAPTER 15 FOR
RECOGNITION OF FOREIGN PROCEEDING

| | |
|---|---|
| 1 | **V.**      <u>**Entities Against Whom Provisional Relief Is Sought**</u> |
| 2 |       The Foreign Representative is seeking provisional relief under section 1519 of the |
| 3 | Bankruptcy Code.[1] |
| 4 | |
| 5 | Dated: June 21, 2019                  LIMNEXUS LLP |
| 6 |                         By:   <u>/s/ James Till</u> |
| 7 |                             James Till |
| 8 |                             Attorneys for the Petitioner |

---

[1] The Debtor reserves its right to seek provisional relief against other parties should the need arise. If the Petitioner does seek such provisional relief in the future, the Debtor will file a list of all such parties against whom it is seeking such relief at that time.

VERIFIED PETITION UNDER CHAPTER 15 FOR
RECOGNITION OF FOREIGN PROCEEDING